UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| DONALD BERRIOS | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| vs. | ) | |
| | ) | |
| INTEGRITY SOLUTION | ) | |
| SERVICES, INC. | ) | |
| *fka* | ) | |
| INTEGRITY FINANCIAL | ) | |
| PARTNERS, INC. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

### I.      INTRODUCTION

1.  This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*; the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227 *et seq*; the New Hampshire Unfair, Deceptive or Unreasonable Collection Practices Act NH RSA 358-C; New Hampshire Regulation of Business Practices For Consumer Protection NH RSA 358-A; and all applicable common law causes.

### II.      JURISDICTION AND VENUE

2.  This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, for the FDCPA and TCPA claims. *See Also* Mims v Arrow Financial Services, 132 S. Ct. 740 (2012) (resolving a split between the Circuits and holding that Federal Jurisdiction does

exist for private TCPA claims). Supplemental jurisdiction exists for all other claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

### III.    PARTIES

4. Plaintiff Donald Berrios is a natural person residing in Strafford County, New Hampshire.

5. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and RSA 358-C:1(I).

6. Defendant, Integrity Solution Services, Inc. ("ISS") is a corporation created under the laws Missouri with a principal office located at 20 Corporate Hills Dr., St. Charles, MO 63301 an agent by the name of Comstock Search Reporting, Inc. located at 3332 SW 34th Ct., Topeka, KS 66614.

7. ISS was previously known as Integrity Financial Partnership, Inc. ("IFP") a dissolved corporation created under the laws of Kansas.

8. Defendant  is an entity who at all relevant times was engaged, by use of the phones, in the business of attempting to collect a "debt" from the Plaintiff, as defined by 15 U.S.C. § 1692a(5) and RSA 358-C:1(IV).

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and RSA 358-C:1(VIII).

### IV. FACTUAL ALLEGATIONS

10. Plaintiff is a natural person contacted by Defendant for the purposes of collecting a debt

owed or allegedly owed to another.

11. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempt to collects, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12. The Defendant is thoroughly enmeshed in the debt collection business.

13. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or once due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

14. The alleged debt was incurred for personal, family or household purposes.

15. Upon information and belief, the alleged debt has its origins in a debt incurred on a Wal Mart credit card.

16. Beginning in early 2013, and continuing through 2013, the Defendant placed telephone calls to the Plaintiff.

17. The Defendant placed numerous calls in an attempt to collect an alleged debt.

18. The Defendant called the Plaintiff a minimum of seventy six times in the period of time between January 29, 2013 and April 3, 2013.

19. The Defendant called the Plaintiff up to seven times a day on at least one occasion and consistently at least three times a day.

20. Upon information and good faith belief, Defendant used an automated or automatic telephone dialing system or telephone equipment to make such calls.

21. Upon information and good faith belief, Defendant used an artificial or pre-recorded

voice to make such calls.

### V.  CLAIMS FOR RELIEF

### COUNT I
**DEFENDANT'S VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692d(5)**

22. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated in this count.

23. The law prohibits a creditor from "[c]ausing a telephone to ring or engaging any person in a telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5).

24. Defendant contacted the Plaintiff through the phones in a repetitive and continuous manner.

25. The number of calls indicate that these calls have been made with the intent to annoy, abuse or harass the Plaintiff.

26. Defendant made these calls with intent to annoy, abuse or harass the Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a.  Adjudging that the Defendant violated 15 U.S.C. §1692d(5);

   b.  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

   c.  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action as allowed for by 15 U.S.C. § 1692k;

   d.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

   e.  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## DEFENDANT'S VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692g

27. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

28. The Fair Debt Collections Practices Act requires that a notice containing the following validation rights must be delivered to the consumer within five days after the initial communication: "(1) the amount of the debt; (2) the name of the creditor; (3) a statement that the consumer has a right to dispute the validity of the debt; (4) a statement that if the consumer notifies the debt collector in writing that the debt is disputed, the debt collector will obtain verification of the debt and mail a copy of the verification to the consumer; and, (5) a statement that, upon the consumer's written request, the debt collector will provide the consumer with the name and address of the original creditor." 15 USC § 1692g(a).

29. The Plaintiff did not receive the statutorily required notice of his validation rights.

30. The Defendant did not send Plaintiff a notice containing his validation rights.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a. Adjudging that the Defendant violated 15 U.S.C. §1692g;

    b. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

    c. Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action as allowed for by 15 U.S.C. § 1692k;

    d. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

e.   Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
### DEFENDANT'S VIOLATIONS OF 47 U.S.C. § 227

31. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

32. The TCPA makes it unlawful for any person to make a call using any automatic telephone dialing system or an artificial or prerecorded voice: "to the telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(iii).

33. The Statutory scheme of the TCPA also provides for a private action for violations of the statute: "A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State- (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions." 47 U.S.C. § 227(b)(3).

34. "If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3).

35. "[A]n act may be 'intentional' for purposes of civil liability even if the actor lacked actual knowledge that [their] conduct violated the law." Jerman v. Carlisle, McNellie, Rini, Kramer, 130 S. Ct. 1605, 1612 (2010). *See also.* Kolstad v. American Dental Assn.,

527 US 526, 549 (1999) (holding that willful violations can be found where a defendant acts with "careless" or "reckless" disregard for federally protected rights).

36. Here, Defendant used an "automatic telephone dialing system" to call Plaintiff on his cellular telephone.

37. In the alternative Defendant used a "predictive dialing system" to call the Plaintiff's cellular telephone in violation of the TCPA.

38. The Defendant did not have Plaintiff's consent to contact his cell phone.

39. The Defendant made these calls intentionally or with careless or reckless disregard that their conduct violated the law.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a. Adjudging that Defendant violated 47 U.S.C. § 227;

    b. Awarding Plaintiff statutory damages for each phone call made in violation of this statute, pursuant to 47 U.S.C. § 227(b)(3);

    c. Adjudging that the Defendant's violations of 47 U.S.C. § 227 were willful or knowing;

    d. Awarding Plaintiff triple damages for each phone call made as provided for by 47 U.S.C. § 227(b)(3);

    e. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

    f. Awarding such other and further relief as the Court may deem just and proper.

2.

## COUNT IV
## DEFENDANT'S VIOLATIONS OF NH RSA 358-C:3(I)(a)

40. Plaintiff repeats and re-alleges each and every allegation herein as if fully stated within

this count.

41. Debt collectors are prohibited by state law from employing unfair, deceptive or unreasonable collection practices in attempting to collect a debt. NH RSA 358-C.

42. It is considered an unfair and unreasonable practice under the act to communicate or threaten to communicate with the debtor: "By causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously… with the intent to abuse, oppress or harass any person at the called number." NH RSA 358-C:3(I)(a).

43. The Defendant contacted the Plaintiff through the phones in a repetitive and continuous manner.

44. The number of calls indicate that these calls have been made with the intent to annoy, abuse or harass the Plaintiff.

45. The Defendant made these calls with intent to annoy, abuse or harass the Plaintiff.

WHEREFORE, the Plaintiff prays for relief and judgment, as follows:

    a.  Adjudging that the Defendant violated NH RSA 358-C;

    b.  Awarding the Plaintiff statutory damages, pursuant to NH RSA 358-C;

    c.  Awarding Plaintiff's reasonable attorneys' fees and costs incurred in this action as allowed for by NH RSA 358-C;

    d.  Awarding the Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

    e.  Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
### DEFENDANT'S VIOLATIONS OF NH RSA 358:A *via* NH RSA 358-C

46. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

47. Any violation of NH RSA 358-C also constitutes an unfair and deceptive act or practice within the meaning of NH RSA 358-A. RSA 358-C:4(VI).

48. As described herein, the Defendant has violated NH RSA 358-C by communicating or threatening to communicate with the debtor: "By causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously… with the intent to abuse, oppress or harass any person at the called number." RSA 358-C:3(I)(a).

49. NH RSA 358-A:10 provides for statutory damages of $1,000 to $3,000 plus costs and reasonable attorney's fees.

50. Through violating NH RSA 358-C the Defendant has violated NH RSA 358-A.

WHEREFORE, the Plaintiff prays for relief and judgment, as follows:

a. Adjudging that the Defendant violated NH RSA 358-A;

b. Awarding the Plaintiff $1,000 in statutory damages, pursuant to NH RSA 358-A:10;

c. Find the violation of NH RSA 358-A to be willful or knowing;

d. Awarding the Plaintiff treble damages pursuant to NH RSA 358-A:10;

e. Awarding the Plaintiff reasonable attorneys' fees and costs incurred in this action as allowed for by NH RSA 358-A:10;

f. Awarding the Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

g. Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
### DEFENDANT'S VIOLATIONS OF RSA 358:A BY EMPLOYING UNFAIR AND DECEPTIVE PRACTICES IN THE COLLECTION OF A DEBT

51. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully

stated within this count.

52. Under New Hampshire law it is unlawful to use any unfair or deceptive act or practice in the conduct of any trade or commerce. NH RSA 358-A:2.

53. The Defendant was at all relevant times herein engaged in trade or commerce within the State.

54. The Defendant employed an unfair or deceptive act or practice when they made continuous phone calls with the intent to abuse, annoy or harass the Plaintiff.

55. The Defendant employed an unfair or deceptive act or practice when they made phone calls to the Plaintiff's cell phone using an "automatic telephone dialing system" or "predictive dialing system."

56. The Defendant employed an unfair or deceptive act or practice when they made phone calls to the Plaintiff from the number (603) 246-5054, as this number has a New Hampshire area code and the Defendant does not have offices in New Hampshire.

57. Upon information and belief the Defendant utilizes a local phone number in order to mask their identity when making phone calls.

58. Upon information and belief the Defendant utilized a local phone number in order to deceive the Plaintiff to induce him to pick up the calls.

59. The Defendant's practice of using a local number in order to mask its identity and the location of its business is an unfair or deceptive business practice.

WHEREFORE, the Plaintiff prays for relief and judgment, as follows:

a. Adjudging that the Defendant violated NH RSA 358-A;

b. Awarding the Plaintiff statutory damages, pursuant to NH RSA 358-A;

c. Awarding the Plaintiff reasonable attorneys' fees and costs incurred in this action

as allowed for by NH RSA 358-A:10;

    d.   Awarding the Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

    e.   Awarding such other and further relief as the Court may deem just and proper.


## COUNT X: RSA 358-A
## DEFENDANT'S VIOLATION OF RSA 358:A BY FAILING TO REGISTER WITH THE SECRETARY OF STATE

62. Plaintiff repeats, and re-alleges each and every allegation contained herein as if fully stated within this count.

63. Defendant business, "Integrity Solution Services, Inc." does not appear to be registered with the New Hampshire Secretary of State.

64. Defendant business, "Integrity Financial Partners, Inc." does not appear to be registered with the New Hampshire Secretary of State.

65. The Plaintiff is therefore put to additional time, trouble, and expense in locating and serving the Defendant.

66. RSA 349:1 provides that: "Every sole proprietor doing business in this state under any name other than the sole proprietor's own name, and every partnership, trust or association doing business in this state shall register the trade name of such business, trust or association in the manner provided in RSA 349:5 and 349:6." RSA 349:1

67. RSA 358-A provides that it "shall be unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within this state." RSA 358-A:2.

68. Failure to register with the Secretary of State prevents the citizenry from ascertaining who is responsible for bad business practices.

69. Failure to register results in unfair competition against other businesses that comply with the law and pay registration fees and taxes accordingly.

70. "[A]n act may be 'intentional' for purposes of civil liability, even if the actor lacked actual knowledge that [their] conduct violated the law.  Jerman v. Carlisle, McNellie, Rini, Kramer, 130 S. Ct. 1605, 1612 (2010).

71. Defendant has knowledge, or constructive knowledge, that they are required to register with the Secretary of State to do business in New Hampshire.

72. The Defendant willfully or intentionally failed to register with the Secretary of State.

73. Therefore, Defendant's failure to register with the Secretary of State, as required by law, is an unfair or deceptive business practice in violation of RSA 358-A.

WHEREFORE, the Plaintiff prays for relief and judgment, as follows:

  a. Adjudging that the Defendant violated NH RSA 358-A;

  b. Awarding the Plaintiffs statutory damages, pursuant to NH RSA 358-A;

  c. Trebling any statutory damages by finding the violation to be willful or knowing;

  d. Awarding the Plaintiffs' reasonable attorneys' fees and costs incurred in this action as allowed for by NH RSA 358-A:10;

  e. Awarding the Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and,

  f. Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## DEFENDANT'S INVASION OF PLAINTIFF'S PRIVACY

60. Plaintiff repeats and re-alleges each and every allegation contained herein as if fully stated within this count.

61. The Defendant invaded the peace and quiet enjoyment of Plaintiff's home through the

constant placing of phone calls to the Plaintiff's cellular phone.

62. The Defendant without right or justification intruded upon the seclusion of the plaintiff.

63. The Defendant therefore invaded the privacy of the Plaintiff.

64. Plaintiff suffered damages in loss of enjoyment of life, increased stress, mental and emotional disturbance.

WHEREFORE, Plaintiff prays for relief, Judgment in his favor, and award of damages.

**JURY TRIAL REQUESTED**


January 16, 2013

Respectfully submitted,
DONALD BERRIOS
By His Attorneys

/s/ Keith A. Mathews
SKINNER LAW PLLC
Atty. Keith A. Mathews
NHBN: 20997
587 Union Street
Manchester, NH 03104
Tel: (603) 622-8100
Fax: (888) 912-1497
Keith.mathews@skinnerrivard.com